Filed 10/27/22  P. v. Simmons CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LAWRENCE SIMMONS, <br><br> Defendant and Appellant. | F079610 <br><br> (Super. Ct. No. CF94520777) <br><br><br> **OPINION** |

APPEAL from a judgment of the Superior Court of Fresno County. Alan M. Simpson, Judge.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez, Christina Simpson, and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# **INTRODUCTION**

Petitioner Lawrence Simmons petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his conviction for first degree murder (§ 187). The superior court denied the petitions at the prima facie stage, without appointing counsel, on the ground that petitioner was a major participant in the underlying felony and acted with reckless indifference to human life.

On appeal, petitioner argues the superior court erred in failing to appoint counsel and in denying the petitions at the prima facie stage. He contends the jury's robbery-murder special circumstance, which required the jury to find he was a major participant in the underlying felony and acted with reckless indifference to human life (§ 190.2, subds. (a)(17)(A), (d)), does not preclude relief because it was made prior to our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

In our original opinion we held the jury's robbery-murder special circumstance rendered petitioner ineligible for resentencing as a matter of law. Accordingly, we held any error in failing to appoint counsel or otherwise follow the procedures set out in former section 1170.95, subdivision (c) was harmless. We therefore affirmed the superior court's denial of the petition. (*People v. Simmons* (June 16, 2021, F079610) opn. ordered nonpub. Sept. 28, 2022, S270048.)

Petitioner petitioned the California Supreme Court for review (S270048). The state high court granted review and ultimately transferred the matter to us with directions to vacate our opinion and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Pursuant to the California Supreme Court's order, we vacated our prior opinion. We also advised the parties of our intention to reverse and remand this

---

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 recently was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

matter with directions to issue an order to show cause, in light of the holding in *Strong*. The People filed a letter stating they had no objection to the proposed disposition. Petitioner filed no objections and the time for doing so has passed.

In light of *Strong*, we will reverse the superior court's order denying the petitions and remand with directions for the court to appoint counsel to represent petitioner and to issue an order to show cause.

## FACTUAL AND PROCEDURAL HISTORY

On March 22, 1995, a jury convicted petitioner of first degree murder (§ 187; count one), with a special circumstance that petitioner was engaged in the commission and attempted commission of a robbery (§§ 190.2, subd. (a)(17), 211); premeditated attempted murder (§§ 187, 664; count two); and attempted second degree robbery (§§ 211, 212.5, former subd. (b), 664; count three). As to each count, the jury found petitioner was armed with a firearm. (§ 12022, subd. (a)(1).) In bifurcated proceedings, the court found petitioner had two prior serious felonies (§ 667, subd. (a)) and two prior strike convictions (§ 667, subds. (b)-(i)). On count one, the court sentenced petitioner to life without the possibility of parole, plus one year for the arming enhancement and 10 years for the two prior serious felony enhancements. On count two, the court sentenced petitioner to life with the possibility of parole. Sentence on count three was imposed and stayed pursuant to section 654.[2]

On January 9, 2019, petitioner filed a petition for resentencing pursuant to section 1172.6. On March 8, 2019, the People filed an opposition, noting petitioner's defective service of the petition and arguing the jury's finding on the robbery-murder special

---

[2] Due to the age of the case, the court reporter was unable to prepare transcripts of petitioner's trial for the record on appeal. The People represent that the convictions arose out of an incident in which petitioner and two others attempted to rob a liquor store, during which petitioner's partner fatally shot a customer and also shot a store clerk. Petitioner's submissions in the trial court suggest the same. Regardless, the facts underlying petitioner's offenses are irrelevant to the resolution of his appeal.

3.

circumstance precluded him from making a prima facie showing that his conviction falls within the provisions of section 1172.6. In a separate motion to dismiss, the People argued section 1172.6 was unconstitutional. On March 28, 2019, the court denied the petition without prejudice due to defective service.

On March 29, 2019, petitioner filed a second petition for resentencing pursuant to section 1172.6. He then filed a substantially similar petition on May 8, 2019. In the form petitions, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder; he was convicted of first or second degree murder at trial; and he was not the actual killer, did not act with an intent to kill, and was not a major participant in the underlying felony or did not act with reckless indifference to human life in the course of the crime. He requested counsel be appointed to represent him.

On June 20, 2019, the court summarily denied the petitions as follows:

> "The Court is in receipt of Petitions for Resentencing filed March 29, 2019 and May 8, 2019. The petitions are denied with prejudice. Petitioner . . . has failed to make a prima facie showing that he falls within the provisions of . . . section [1172.6]. The condition set out at [section 1172.6, subdivision ](a)(3) does not apply. As a major participant in the crime of attempted robbery who acted with deliberate indifference to human life, Petitioner is not eligible for resentencing. [¶] Petition is denied."

This timely appeal followed.

### DISCUSSION

## I.      Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018,

4.

ch. 1015, § 1, subd. (f); see § 189, subd. (e); accord, *Strong*, *supra*, 13 Cal.5th at pp. 707-708.)  Senate Bill No. 1437 also added former section 1170.95, now renumbered as section 1172.6, which provides a procedure for persons convicted of felony murder to seek vacatur of the conviction and resentencing.  (§ 1172.6, subd. (a); accord, *Strong*, at p. 708.)

Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief.  (§ 1172.6, subds. (a)-(c); accord, *Strong*, *supra*, 13 Cal.5th at p. 708.)  If the sentencing court determines the petitioner has made such a showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction.  (§ 1172.6, subds. (c), (d)(1).)  At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing.  (*People v. Lewis* (2021) 11 Cal.5th 952, 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.    Appointment of Counsel

Petitioner contends the trial court erred by summarily denying his facially sufficient petition, rather than appointing counsel, issuing an order to show cause, and otherwise following the procedures of section 1172.6, subdivisions (b)(3) and (c).

At the time the trial court ruled on the petition, our Supreme Court had not resolved whether section 1172.6 requires the appointment of counsel or further briefing immediately upon the filing of a facially sufficient petition.  (See *Lewis*, *supra*, 11

5.

Cal.5th at pp. 961-967.) However, our Supreme Court and Legislature have since clarified that counsel must be appointed if requested, and briefing must proceed, so long as the petition complies with the requirements of section 1172.6, subdivision (b)(1) and (2). (§ 1172.6, subd. (b)(3); accord, *Lewis*, at pp. 962-963, 967.) Here, the People do not suggest the petition failed to meet the requirements of section 1172.6, subdivision (b). Accordingly, appointment of counsel and a full opportunity for briefing were required by section 1172.6, subdivisions (b)(3) and (c). (See *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) The court erred in disposing of the petition without following these procedures.

## III.     Prejudice

Because the trial court erred in failing to appoint counsel, we may affirm only if petitioner was not prejudiced by the error. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.) Because the record does not establish petitioner is ineligible for resentencing as a matter of law, we cannot conclude the court's error in failing to appoint counsel was harmless.

While this appeal was pending, our Supreme Court issued its opinion in *Strong*, *supra*, 13 Cal.5th 698. Therein, the high court held that a special circumstance finding entered pursuant to section 190.2, subdivision (a)(17) prior to the court's decisions in *Clark*, *supra*, 63 Cal.4th 522 and *Banks*, *supra*, 61 Cal.4th 788 did not preclude a section 1172.6 petitioner from making a prima facie showing of eligibility for relief.[3] (*Strong*, at p. 703.)

*Strong* is dispositive of this case. The special circumstance finding was made before *Banks* and *Clark* and therefore is not preclusive on prima facie review of the petition under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at p. 703.) The petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6. Because the People have presented no other basis to deny the petition at the prima facie

---

[3] *Banks* and *Clark* "substantially clarified the law" regarding "what it means to be a major participant and . . . to act with reckless indifference to human life." (*Strong*, *supra*, 13 Cal.5th at pp. 706-707.)

stage, the order denying the petition must be reversed and the matter remanded with directions to appoint counsel, to issue an order to show cause and, to the extent necessary, to conduct an evidentiary hearing under subdivision (d) of section 1172.6. We express no opinion on the ultimate resolution of the petition.

## **DISPOSITION**

The June 20, 2019 order denying the petition is reversed and the matter remanded with directions to appoint counsel, issue an order to show cause and, to the extent necessary, hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).


DETJEN, J.

WE CONCUR:


HILL, P. J.


PEÑA, J.

7.